UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MICHAEL HOLLINS,

    Petitioner,

vs.

BUREAU OF PRISONS; UNITED STATES MARSHALS SERVICE; and GREGORY J. AHREN, Sheriff, Alameda County,

    Respondents.

No. C 11-2108 PJH (PR)

**ORDER FOR PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED**

    This is a habeas case brought under 28 U.S.C. § 2241 by a federal prisoner housed at the Alameda County Jail.

    According to the petition, in 1993 petitioner was convicted in this court of having been a felon in possession of a firearm. He was sentenced to 180 days in prison and a five-year term of supervised release. *United States v. Hollins*, 92-cr-00126-SBA (Order).

    On November 27, 2007, Judge Armstrong revoked petitioner's supervised release and committed him to prison for thirty-seven months plus three years of supervised release. The revocation and commitment were affirmed by the United States Court of Appeals on September 17, 2008.

    In 2010, petitioner was charged with again violating the terms of his supervised release. He admitted the allegations; release was revoked by Judge Armstrong on June 16, 2011. He was sentenced to thirteen months of imprisonment and ten months of supervised release. *See United States v. Hollins*, 92-cr-00126-SBA (Order June 16, 2011). The docket for *United States v. Hollins* does not indicate that he appealed.

///

In this habeas petition he attempts to challenge Judge Armstrong's failure to credit him with sixty-two days he spent in custody in 2006. The challenge is to Judge Armstrong's revocation in 2007. Pet. at 7. Petitioner says that the petition is pursuant to 28 U.S.C § 2241. Pet. at 4.

With the exception noted below, a prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to section 2255 in the court which imposed the sentence. *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). He may not attack collaterally a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See United States v. Dunham*, 240 F.3d 1328, 1329-30 (11th Cir.2001) (addressing challenge to revocation of probation under § 2255) *Grady v. United States*, 929 F.2d 468, 470 (9th Cir. 1991) (challenge to sentence following probation or parole revocation must be brought in sentencing court via § 2255 motion). It thus appears that this petition should have been brought under section 2255.

There is an exception to this general bar: A federal prisoner authorized to seek relief under section 2255 may seek relief under section 2241 if he can show that the remedy available under section 2255 is "'inadequate or ineffective to test the validity of h[er] detention.'" *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255).

The Ninth Circuit has recognized that the "inadequate or ineffective" exception in is very narrow. *Pirro*, 104 F.3d at 299. For example, the remedy under section 2255 generally will not be inadequate or ineffective due to delay in considering a motion under section 2255, *id.* at 299 (district court's delay in considering § 2255 motion until direct appeals are resolved does not make § 2255 motion inadequate or ineffective), or mere fact that a previous § 2255 motion was denied, *Aronson v. May*, 85 S. Ct. 3, 5 (1964). Nor does the fact that a previous section 2255 motion was dismissed as successive under 28 U.S.C. § 2244(b) render federal habeas relief under § 2255 an ineffective or inadequate remedy per se. *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) ("§ 2241 is not available

under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255"); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999).

## CONCLUSION

Within thirty days of the date this order is entered, petitioner shall show cause why the petition should not be dismissed without prejudice to his filing a new petition under section 2255. If he does not respond, or if he is unable to show that the petition is proper under section 2241, the case will be dismissed.

**IT IS SO ORDERED.**

Dated: November 9, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.11\HOLLINS2108.OSC-P.wpd